UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DEWAYNE C. ANTHONY,<br><br>    Defendant. | Case No. 98-cr-40002-JPG |

**MEMORANDUM AND ORDER**

    This matter comes before the Court on the motion of defendant Dewayne C. Anthony ("Anthony") to amend his presentence investigation report ("PSR") to include a finding that he has a drug addiction problem (Doc. 260). Without such a finding in the PSR, Anthony will not qualify for placement in the Bureau of Prisons Residential Drug Abuse Program.

    Anthony pled guilty on January 7, 1999, to four drug crimes. The Court sentenced him on June 17, 1999, to serve 204 months in prison on all counts to run concurrently. The PSR, which was adopted by the Court in pertinent part, did not contain indications that Anthony had a drug abuse problem. In fact, it stated:

> The defendant indicated that he attended substance abuse counseling in Carbondale, Illinois but he could not recall specific dates or the agency name. The defendant denied prior abuse of alcohol or drugs when he was interviewed at the time of his arrest. It is noteworthy that the defendant has a significant history of arrests which involve suspected cocaine and heroin.

PSR, ¶ 88.

    Anthony now claims that he used drugs extensively beginning in October 1997, when he was consuming one to two grams of cocaine three to four times per week. He also claims that his drug use increased by February 1998, when he began smoking marijuana laced with cocaine four to five times per week until August 1998, shortly before he was arrested in this case.

Anthony claims he did not go into detail about his prior drug use in his interview for the PSR on advice of his counsel.  That reticence, however, has its consequences, as Anthony is now finding out.  Furthermore, he does not explain why he did not reveal *the mere existence* of his alleged prior drug use or why he did not object to the PSR's representation that he had admitted he had not abused drugs.  He certainly knew how to object to the PSR; he made 38 objections, including to such minor issues as the proper spelling of his name.  Anthony's history (or absence thereof) of drug use as reflected in the PSR did not play a role in the calculation of his ultimate sentence, and Anthony does not challenge that sentence in the pending motion.

The Court finds that it does not have jurisdiction to alter a finding in the PSR that is collateral to the imposition of judgment in this criminal case.  The statute allowing a prisoner to challenge his sentence, 28 U.S.C. § 2255, does not apply because Anthony is not seeking to change the sentence imposed by the Court.  *United States v. Mittelsteadt*, 790 F.2d 39,40 (7th Cir. 1986).  Rule 35(a) does not apply because that rule is aimed at correcting clerical errors shortly after a sentence is imposed.  Anthony has not provided any authority for the Court to exercise jurisdiction over his request, and the Court is unable on its own to discern any basis for jurisdiction.  *See, generally, United States v. Mittelsteadt*, 614 F. Supp. 887 (E.D. Wis. 1985) (no jurisdiction to alter loss amount in the presentence report for consideration by parole board), *aff'd*, 790 F.2d 39 (7th Cir. 1986).  Accordingly, the Court **DISMISSES** Anthony's motion (Doc. 260) for **lack of jurisdiction**.

**IT IS SO ORDERED.**
**DATED:  November 6, 2006**

                                         s/ J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**