IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  98-cr-40002 JPG |
| | ) | |
| DEWAYNE C. ANTHONY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on defendant Dewayne C. Anthony's *pro se* motions for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Docs. 282 & 287).  The Court appointed counsel for Anthony, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request (Doc. 306).  *See Anders v. California*, 386 U.S. 738, 744 (1967).  The government has responded to the motions (Doc. 310).  Anthony has responded to counsel's motion (Doc. 312) and asks for additional time to file a brief in support of his response (Doc. 313).

As a preliminary matter, the Court will deny Anthony additional time to file a brief in support of his response to the government's motion.  Anthony was able to articulate the gist of his argument in the response he filed (Doc. 312), and, as explained below, the Court has determined that the argument has no merit.  Additional briefing would be unhelpful and would only unnecessarily delay the inevitable fate of the pending motions.

Anthony pled guilty to one count of conspiring to distribute crack cocaine and three counts of distributing crack cocaine.  At sentencing, the Court found by a preponderance of the evidence that Anthony's relevant conduct was at least 20 grams but less than 35 grams of crack

cocaine, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 28.  His offense level was reduced by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility.  The Court further found that Anthony was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which raised his base offense level to 34, again reduced by 3 to 31 for acceptance of responsibility.  Considering Anthony's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 188 to 235 months in prison.  The Court imposed a sentence of 204 months for each count, less than the statutory maximum sentences established by Anthony's convictions.  *See* 21 U.S.C. § 841(b)(1)(B) & (C).  Anthony now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction

---

[1]Unless otherwise noted, the references to the guidelines in this order are to the 1998 United States Sentencing Guidelines Manual.

request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009)**.**

Anthony cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine.  The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  Anthony, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1.  *See Forman*, 553 F.3d at 589-90.  Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Nevertheless, Anthony asks the Court to reduce his sentence using the discretion recognized by *Kimbrough v. United States*, 552 U.S. 85 (2007), and confirmed by *United States v. Knox*, 573 F.3d 441 (7th Cir. 2009).  Each of those cases, however, involved a direct review of a criminal sentence that was not yet final, not a reduction pursuant to 18 U.S.C. § 3582(c)(2) after a sentence had become final, as is the case with Anthony.  Those cases do not authorize the Court to reduce Anthony's sentence under 18 U.S.C. § 3582(c)(2).  As explained above, the Court has no authority to reduce Anthony's sentence under that statute because Anthony's guidelines sentencing range had not been lowered.

Because Anthony cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider

his reduction request.  *See Forman*, 553 F.3d at 588;  *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 306) and **DISMISSES** Anthony's motions for a sentence reduction (Doc. 282 & 287) for **lack of jurisdiction**.  The Court further **DENIES** Anthony's motion for an extension of time to file a brief in support of his response (Doc. 313).

The Clerk of the U.S. District Court is hereby Ordered to mail a copy of this Order to defendant Dewayne Anthony, Reg. No. 09394-040, USP Marion, P.O. Box 1000, Marion, IL 62959.

**IT IS SO ORDERED.**
**DATED:  January 12, 2010.**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **U.S. DISTRICT JUDGE**